Chief Justice Robertson.,
deliveieri (he "pinion of the Court.
Some time prior to December, 1820, William Haden, sr. died intestate, in Logan county, in this state, leaving an estate in land, slaves and chatties, and leaving a widow and eleven children.
In December, 1820, the county court of Logan appointed commissioners to divide among the chilelren of the decedent, his land and slaves. The commissioners made no division of land, and distributed only such of the slaves as had not been assigned to the widow for her dower. To most of the children the intestate had made advancements in his lifetime, of land, slaves and chatties to some, and of slaves .and chatties only to others. All of those (except William Haden) to whom land had been advanced, refused to bring into hotchpot what they had received, and waived their right to the slaves then distributed, hut reserved a right to distributive interest in whatever estate might afterwards be distributed The slaves whom the commissioners distributed were'consequently assigned to those who consented to the hotchpot — that is, to William Ha-den, Porter and wife. Benjamin Haden, Sally Ha-den, the children of Mrs. Proctor — the children of Mrs. Whitsét. None of these, except William Ha-den, had received any land: and the commissioners ¡distributed the slaves among them in such a manner as to equalize the total value of the entire estate which each had received; and consequently, as Wtn. Haden’s land was taken into consideration in the distribution, he received less than any of the others from the commissioners — the interest alloweclto him being only $18.83, whilst that assigned to some of the others exceeded $1100.
In 1125, (the widow having died in the mean time) this suit in chancery was instituted by William Haden, Porter and wife, and Wilson and wife, for distribution of the dower slaves and of the land.. *169 All the parties, except the heirs of James Haden, express perfect acquiescence in the distribution made by the commissioners, and an unwillingness to disturb it. However, of those who had received land, William Haden is the only one who is willing to put it into the hotchpot — and one of them (Samuel Haden) declines all participation in the distribution of the estate.
If^distribution ^u\table°n principles by county court e°s"T^hich ¡s ¿onenrred in hy the par*°*beclis’ though a’par-y mar have [(j" heirs will’not be permitted t0 disturb or imposition being establisbed*
The circuit court disregarded the distribution ■made by the commissioners, and, having caused the sale of the dower slaves, decreed a distribution of ■the proceeds, and of the value of those distributed by the county court, and the amount of the undistributed chatties into ten shares, which the court attempted to equalize by taking into the estimate the value of advancements in slaves and chatties, and By .charging the distributers of the slaves assigned by 'the county court with the value received by each.
This decree must be reversed.
We can perceive no sufficient reason for disturbing the distribution made by the county court, especially as, by so doing, W ilson and wife, Joseph Haden’s ’heirs, and the heirs of John M. Haden, must take more than they asked for, or seemed to consider themselves equitably entitled to.
Although in the distribution of the slaves, the parties who had received advancements in land, were not, according to rigid law then in force, bound to account for the value of the land advanced to each ;.of them; yet such an arrangement was not only just and equitable, but seems to have been contemplated by all the parties concerned, when the distribution was made by the commissioners, and to have been acquiesced in by all now interested, with the exception tjnly of the the heirs of James Haden; and we infer, that he himself also concurred, and during his lite, acquiesced in the distribution thus amicably and equitably adjusted. l herefore, as there is no evideuce of fraud or injustice in that distribution, we could not admit that it should be frustrated by the heirs of one of the parties to it. It is not now material to enquire into the motives which prompted James Haden to consent to what was done by the commissioners,aud to waive his legal right to parti *170 cipate in the distribution made by them. It is sufficient that it was made with his concurrence — was never disturbed by him, and was conformable to the dictates of a sound conscience To disturb the -equalization which the county court and all the par-* ties, then concerned, animated by a sense of inti'h.-* ■sic right, endeavored, as far as they could, to approximate, would be manifestly unreasonable and unjust.
If some of distributees account ior advancements, as between such the whole estate of slaves and chatth-s to be distributed share and -share alike. Tire slave fund and the chatties oroper, conslt tuting distinct classes, and to be apportioned accordingto the advancements in each.
He who rel«toShotchpot is entitled to no distributive share^o waives hi710 right upon turtinl distribution, to hi'Ve «laves th -n distributed afterivarda-
*170 The distributees, whose estates were equalized by the county court, should be deemed entitled in the final distribution, to equal shares in the total estate, whether real or parsonal, remaining for distribution;’ and are entitled exclusively to any land subject to partition, as the other fo.tr distributees are unwilling to be charged with the value of advancements made ■to them or their ancestors in land.
Rut in the distribution of the slaves and chatties proper, which yet remain undistributed, the rule established in ordinary cases of distribution by this court, must be applied to Wilson and wife, Joseph Haden’s heirs, the heirs of John M. Haden, and those of James Haden; as between them the value of advancements, first in slaves and then in other chat-ties should be estimated, and distribution of the slave fund and of the chatties proper, as constituting distinct classes, should be made accordingly. The amount advanced to each of the ten distributees in slaves and other chatties, and the amount which each shall have received since the distribution by the county court should be ascertained, and the portions of each fund, to which Wilson and' wife, Joseph haden’s heirs, the heirs of John M. Haden, and those of James Haden shall thus be entitled to receive, should be assigned to them respectively, according to the law of distribution; and the residue of those two distributable funds, and the land remaining foi partition should be divided into six equal parts, and assigned to the other six dittributees — -S.i nuel Ha-^en being unwilling to account for advancements made to him, will be entitled to nothing in the distribution; and the slaves distributed by the county court should not he taken into consideration, as befween those who received them and those who *171 Waived their rights to any portion of them; but in ascertaining what the latter four distributees are yet entitled to, the estimate should be made as if there never had been such slaves to distribute, or as if they had been equally divided among all the ten distributees.
When case is reversed the Auditor’s report is subject to objection, ami may be set aside, tho’ reversal not based upon defective report.
personal represeotntive' ^ (i°an° bepartv to writ for dis-estate,
Crittenden, for plaintiff; Breathitt, for defendant.
The ratio thus indicated for the final distribution will accord with what had been done justly and satisfactorily, and is the only one which can, in our opinion, prevent derangement or injustice.. Those who had waived their cl inns to shares in the slaves distributed by the county court, will have no cause to complain of such a distribution of the remaining estate as we have suggested; for even according to that mode they will have received more, in the aggregate, of the estate of Vi ill-jam Haden, deceased, than others of his heirs can obtain.
To ascertain the aggregate fund remaining for distribution, the report hitherto made by an auditor may be consulted, as to that matter, unless it should be disregarded upon sufficient objections which the parties may be allowed to make to it on the return of the case to the circuit court. As James Haden was J;he administrator of VVm. Haden, deceased, his pergona!' representative should he a party — and the distributable funtl midis, osed of in his hands, as well as that remaining in the hands of Wm ¡Haden, the administrator de bonis non, should he ascertained and considered in the final distribution.
Decree reversed and case remanded for such further proceedings and decree as shall become proper according to this opinion.